# Exhibit A
# Inmate File of Kevin Neil Hartman, "Inmate File," Booking Sheet dated June 18, 2005

# 19

# GENEVA COUNTY JAIL
# BOOKING SHEET

Probation Check ✓ *no* 
Warrant Book ✓

Date _06/18/05_    Time _7:15 P.M._
Name _Hartman_ _Kevin_ _Neil_
       (LAST)        (FIRST)      (MIDDLE)

Alias _____

Date of Arrest _06/18/05_    Social Security No. _____
Race _W_    Sex _M_    Age _30_    Eyes _HAZ_    Hair _RED_
Ht. _5-11"_    Wt. _170_    DOB _1-31-72_    Photo _____    F.P. _____
Address _765 Pera Rd._    _Samson_ _CO._
         (STREET)      (APT.)    (CITY)    (STATE)    (ZIP)

Telephone _____    I.D. No. _____
NCIC Check _____
Next of Kin _____    Relationship _____
Address _____
         (STREET)      (APT.)    (CITY)    (STATE)    (ZIP)

Charge _POSS. CONT. SUBS._    Bond _____ 30
Charge _UNLAW MANF INSB_    Bond _____ 40
Charge _____    Bond _____
Charge _____    Bond _____
Charge _____    Bond _____
Charge _____    Bond _____

ARRESTING OFFICER _Mock_
                    (PLEASE PRINT)

Signature _____

AGENCY _____

BOOKING OFFICER _Mark Jackson_
                  (PLEASE PRINT)

RELEASE INFORMATION

I have received all properties taken from me by the Geneva County Sheriff's Department.

_____
Signature of Person Released

Date of Release _____    Time _____    Type of Release _____

_____
Signature of Releasing Officer

P.O.B _____
OCCUPATION _UNEMPLOYED_
P.O.S. _Winchester Virginia_
HOLD

WARRANT # _2005 000419 00_
WARRANT # _2005 000418 00_
WARRANT # _____
WARRANT # _____

# BOOKING SHEET

Inmate Name *Heartman Kevin. N*    Date *06/18/05*    Time *7:30 pm*

HEALTH SCREENING FORM

1.    Have you ever had or been treated for: (mark box if answer is yes)

☐ a. Asthma                    ☐ g. Alcoholism
☐ b. Heart Trouble             ☑ h. Mental Illness
☐ c. Hypertension              ☐ i. Venereal Disease
☐ d. Diabetes                  ☐ j. Tuberculosis
☐ e. Epilepsy or Seizure       ☐ k. Ulcer
☐ f. Drug Addiction            ☐ l. Faintly of recent head injury
                               ☐ m. Hepatitis

If any response was yes, please explain and give date of last treatment. *Mental, Seing and hearing things. (Zanax, Clorapan). All others Do not aply. N/A* —

2.    Are you allergic to anything? *NO* If yes, what? _____

3.    Have you ever been determined to be HIV positive? *NO* If yes, when? _____

4.    Are you currently taking any prescription medication? *NO* If yes, what? _____
For what? _____

5.    Does the inmate require a special diet prescribed by a physician? *NO* If yes, what? _____
For what? _____

6.    Do you have any other medical or mental problem we should know about? *NO* If yes, what? _____

# BOOKING SHEET

Inmate Name _Heartman Kevin N_ Date _06/18/05_ Time _7:30 pm_

1.   Check One:

   _____ This inmate was cooperative in responding to the above questions and allowing me to observe him.

   _____ This inmate refused or was unable to cooperate and refused to answer my questions concerning his medical history and/or potential for suicide. Reason for inability:

   _____

   _____

2.   I certify that I have today observed inmate _Heartman, Kevin_ asked him/her the questions listed on the Geneva County Jail's Booking Sheet, and accurately recorded my observation and his/her responses.

   _Mark Jackson_____

   Signature of Booking Officer

   Date: _06/18/05_____

   Time: _7:30 pm_____

# GENEVA COUNTY JAIL

I, _Heartman Kevin N._, HAVE BEEN ADVISED BY THE JAILER OF THE FOLLOWING;

ALL PROPERTY BROUGHT ON TO THE JAIL PREMISES ARE SUBJECT TO SEARCH BY AUTHORIZED PERSONNEL FOR WEAPONS AND CONTRABAND

ALL INCOMING AND OUTGOING MAIL MAY BE CENSORED EXCEPT FOR CORRESPONDENCE WITH COURT OFFICIALS

x _____    DATE _06/18/05_
INMATE SIGNATURE

_____    DATE _06/18/05_
JAILERS SIGNATURE

# Exhibit B
# Inmate File, Inmate Jail Property Issue and Receipt Form

GENEVA COUNTY JAIL

INMATE JAIL PROPERTY ISSUE AND RECEIPT FORM

NAME: *Heertman Kevin R*     DATE: 06/8/05     TIME: 7:30
    Last      First      Middle

ITEMS ISSUED:                    CONDITION:

| | Good | Fair |
|---|---|---|
| 1. Mattress # 1 | ✓ | |
| 2. Blanket # 1 | ✓ | |
| 3. Pants # ___ Size ___ | | |
| 4. Shirt # ___ Size ___ | | |
| 5. Coveralls # | ✓ | |
| 6. Towel # 1 | ✓ | |
| 7. Washcloth # 1 | ✓ | |
| 8. Shoes # | ✓ | |
| 9. # | | |
| 10. # | | |
| 11. # | | |
| 12. # | | |

NOTICE TO INMATE: Defacing, destruction, altering, or the loss of the county property that you have been issued, will result in DISCIPLINARY and / or CRIMINAL action against you. All items will be returned to the jail officers in the same shape the items were in when you received them or you will be charged at the following rates:

Mattress $50.00        Blanket $10.00        Uniforms $15.00
Towels $3.00          Washcloth $1.50

Failure to pay these charges for the items damaged and/or not returned WILL result in additional charges being filed against YOU!

Inmate signature: X _____ Date: 06/18/05

Jail Officer's signature for all items turned in.

Signature: _____ Date: _____

# Exhibit C
# Inmate File, Prisoner Activity Sheet

673-243

GENEVA COUNTY JAIL
Prisoner's Activity Sheet

Prisoner's Name: KEVIN HARTMAN

Subject ARRESTED By R. Mock FOR Poss Cont Sub and

unlawful Man f Cont Sub.

6-2005 Subject had first Appearance Bond
Was Already Set.
unlawful Maft Manf 25,000.
Poss C/S 5,000.00

Called Spec. Int. Cont. Nothing In Geneva
of Called Dothan, Nothing Since no Poss

Poss C/S 2,500.00
Manf 10,000.00

# Exhibit D
# Affidavit of Greg Ward

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KEVIN NEIL HARTMAN,        )
                            )
     Plaintiff,             )
                            )
v.                      )     Civil Action No. 1:05-cv-645-F
                            )
GENEVA COUNTY JAIL, et al.,   )
                            )
     Defendants.          )

AFFIDAVIT OF GREG WARD

STATE OF ALABAMA      )
                         )
COUNTY OF GENEVA      )

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Greg Ward, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.     My name is Greg Ward. I am over the age of nineteen and competent to make this affidavit.

2.     I am the duly elected Sheriff of Geneva County, Alabama.

3.     I am familiar with the Plaintiff due to his being incarcerated in the Geneva County Jail. I have no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint.

4.     I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.     The Geneva County Sheriff's Department operates the Geneva County Jail pursuant to sound policies and procedures which ensure that the rights of all inmates incarcerated therein are respected. Members of the jail staff are trained both in house and at certified training programs and academies regarding all aspects of their jobs, including the administration of medical care to inmates.

6     It is the policy of the Geneva County Sheriff's Department that all inmates confined in the Geneva County Jail be entitled to a level of health care comparable to that available to the citizens in the surrounding community in order that the inmates' physical and emotional well-being may be maintained. All medical care rendered to inmates in the Geneva County Jail is delivered under the direction of a licensed health care practitioner. It is departmental policy that no member of the jail staff, or any other Sheriff's Department employee, may ever summarily or arbitrarily deny an inmate's reasonable request for medical services. All judgments regarding the necessity of medical treatment are left to a licensed health care practitioner.

7.     It is the policy of the Geneva County Sheriff's Department that all inmates incarcerated in the Geneva County Jail be allowed to request health care services at any time. Requests of an emergency nature may be made either verbally or in writing, but all requests for non-emergency care from state or county inmates must be submitted in writing. Members of the jail staff are charged with the responsibility of accepting requests for medical treatment from inmates and taking appropriate action to see that those requests are dealt with in a prompt and appropriate manner. Inmates with non-emergency medical problems are taken to see Dr. O.D. Mitchum in Geneva, Alabama. Inmates who have an emergency medical problem are taken to the Emergency Room for treatment.

2

8.    When a member of the jail staff receives a request for medical treatment from an inmate, it is his or her responsibility to turn that request form over to the responsibility of the on duty jailer or matron.  It is then the on duty jailer or matron's responsibility to make an appointment for the inmate with an appropriate health care provider.  Any doubt as to whether an actual need exists for medical treatment is resolved in favor of the inmate, with medical services being offered.  All requests of an emergency nature are handled immediately.

9.    It is the policy of the Geneva County Sheriff's Department that persons incarcerated in the Geneva County Jail be entitled to safe and accurate dispensation and administration of prescription and nonprescription medication.  All medication prescribed for an inmate by a health care provider during the time of an inmate's incarceration is obtained by the Sheriff's Department and distributed according to the doctor's directions.

10.    The Jailers at the Geneva County Jail have access to over-the-counter medication such as Tylenol, Ibuprofen, and Pepto-Bismol obtained from Geilstrap Drugs to distribute as needed to inmates.

11.    I have had the opportunity to observe the Plaintiff throughout his incarceration at the Geneva County Jail.

12.    At the time Plaintiff was booked into the Geneva County Jail, he was undergoing withdrawals from methamphetamine.

13.    If the Plaintiff had been in need of medical care or treatment, he would have received treatment in accordance with the policy and procedures of the Geneva County Jail.

3

14.     I swear, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.


GREG WARD


SWORN TO and SUBSCRIBED before me this ___ day of October, 2005.


NOTARY PUBLIC
My Commission Expires: _____

4

**Exhibit E
Affidavit of Donald Weeks**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN NEIL HARTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-cv-645-F |
| | ) | |
| GENEVA COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

AFFIDAVIT OF DONALD WEEKS

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF GENEVA | ) |

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Donald Weeks, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Donald Weeks. I am over the age of nineteen and competent to make this affidavit.

2.      I am a jailor at the Geneva County Jail and have been for 11 years. Before that I was assistant chief of police in Samson, Alabama for 8 years.

3.      I am familiar with the Plaintiff due to his being incarcerated in the Geneva County Jail. I have no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint

4.      I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    I have had the opportunity to observe the Plaintiff throughout his incarceration at the Geneva County Jail.

6.    On June 28, 2005, Plaintiff complained that his head hurt. Therefore, Marilyn Ruppel gave him Tylenol or Ibuprofen.

7.    The next day, the Plaintiff complained that his stomach hurt. Therefore, I gave the Plaintiff Pepto-Bismol. The Plaintiff did not complain that he was sick any more after that incident.

8.    During this time period Plaintiff was undergoing withdrawals from methamphetamine.

9.    If the Plaintiff had been in need of medical care or treatment, he would have received treatment in accordance with the policy and procedures of the Geneva County Jail.

10.    I swear, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.


_____
DONALD WEEKS


SWORN TO and SUBSCRIBED before me this ____ day of October, 2005.


_____
NOTARY PUBLIC
My Commission Expires: Sept 26 2006


2

# Exhibit F
# Affidavit of Marilyn Ruppel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KEVIN NEIL HARTMAN,           )
                              )
        Plaintiff,            )
                              )
v.                            )    Civil Action No. 1:05-cv-645-F
                              )
GENEVA COUNTY JAIL, et al.,   )
                              )
        Defendants.           )

AFFIDAVIT OF MARILYN RUPPEL

STATE OF ALABAMA        )
                        )
COUNTY OF GENEVA        )

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Marilyn Ruppel, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Marilyn Ruppel. I am over the age of nineteen and competent to make this affidavit.

2.    I am currently a jailer at the Geneva County Jail and was at the time relevant to Plaintiff's complaint.

3.    I am familiar with the Plaintiff due to his being incarcerated in the Geneva County Jail. I have no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.     I do not remember the incident made the basis of Plaintiff's Complaint. However, it is my standard practice in accordance with the policy and procedure of the Geneva County Jail to give Tylenol or Ibuprofen to inmates who have an occasional headache.

6.     During this time period Plaintiff was undergoing withdrawals from methamphetamine.

7.     If the Plaintiff had been in need of medical care or treatment, he would have received treatment in accordance with the policies and procedures of the Geneva County Jail.

8.     I swear, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.


_Marilyn Ruppel_
MARILYN RUPPEL


SWORN TO and SUBSCRIBED before me this ___ day of October, 2005.


_Frances M_
NOTARY PUBLIC
My Commission Expires: _Sept 26 2006_